IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SIERRA JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | CV-25-29-GF-JTJ<br><br>MEMORANDUM<br>AND ORDER |

I.  INTRODUCTION

Plaintiff Sierra Jackson ("Jackson") has filed a Complaint against Defendant United States of America ("the Government") alleging she was wrongfully incarcerated for approximately six months due to the negligence of correctional officers at the Fort Peck Adult Correctional Facility. (Doc. 1). The Government has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and an a brief in support, contending that Jackson's claims are barred by the Federal Tort Claims Act's ("FTCA") intentional torts exception. (Docs. 3 and 4). Jackson opposes the motion. (Doc. 8).  The Court heard oral argument on August 13, 2025.  For the following reasons, the Court grants the motion.

1

## II.     BACKGROUND

Jackon alleges she was wrongfully incarcerated during 2023 and 2024. However, she does not provide any facts explaining what led to her incarceration. Rather, asserting only that she was wrongfully detained due to negligent acts by Fort Peck Adult Correctional Facility employees. (Doc. 1, ¶9).

## III.    LEGAL STANDARD

Rule 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction.  A court may consider extrinsic evidence outside the pleadings when evaluating whether to dismiss a complaint for lack of subject matter jurisdiction. *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). The burden of proving jurisdiction rests on the party asserting it.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## IV.    DISCUSSION

### A. **Jackson has alleged an intentional tort for which the Government retains sovereign immunity.**

Jackson's Complaint alleges negligence, but her allegations that Fort Peck Correctional Officers ("FPCOs") wrongfully incarcerated her amount to an intentional act. In determining the "gravamen" or "essence" of the claim, the court must look beyond the labels and appraise the alleged conduct on which the claim is based.  *Abbey v. United States*, 112 F.4th 1141, 1147.  Negligence and intent are regarded as mutually exclusive grounds for liability.  *Klemann v. Jackson*, 2024 WL

2

3743645 (D. Mont. Aug. 9, 2024) (citing Dobbs, Law of Torts § 31, p. 77 (2d ed 2011)). Any given act may be intentional, or it may be negligent, but it cannot be both. *Id.*

The Court agrees with the United States that Jackson's allegations amount to a claim for false imprisonment. Under Montana law, the two components for a claim for false imprisonment are: (1) the restraint of an individual against their will, and (2) the unlawfulness of the restraint. *Kitchnet v. Butte-Silver Bow County*, 274 P.3d 740, 745 (Mont. 2009); *Cane v. O'Neill*, 2022 WL 4088165 at *13 (D. Mont. March 31, 2022). Jackson's Complaint falls squarely within these two components.

Sovereign immunity shields the Government from lawsuits unless it has waived its immunity or consented to suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. *Id*. The FTCA waives sovereign immunity for claims against the Government arising from torts committed by federal employees, subject to specific exceptions. 28 U.S.C. § 2671, et. seq.

One such exception is for intentional torts committed by federal employees for which the Government has not waived and retains its sovereign immunity. 28 U.S.C. § 2680(h). The FPCOs qualify as federal employees if they are acting in the course and scope of their employment and performing functions under a contract authorized by the Indian Self-Determination and Education Assistance Act, commonly referred to as 638 contracts. 25 U.S.C. § 5321. The Government states

that, for purposes of this motion, it assumes the FPCOs were acting in the course and scope of their employment and in furtherance of the Fort Peck Tribe's 638 contract for detention services. (Doc. 4, p. 3). Therefore, the FPCOs are federal employees.

The FPCOs, as federal tribal employees, are subject to the same FTCA exceptions as other federal employees. *Buxton v. United States*, 2011 WL 4528337, *6-8 (D.S.D. Apr. 1, 2011). Regardless of Jackson's characterization of her claim as negligence, the gravamen of her claim is for the intentional tort of false imprisonment, an excluded tort under 28 U.S.C. §2680 (h).  Accordingly, her claim is barred. *Snow-Erlin v. United States*, 470 F.3d 804, 808 (9th Cir. 2015).

### B. The Fort Peck correctional officers do not qualify as law enforcement officers.

Although the FTCA generally does not waive sovereign immunity for intentional torts committed by federal employees, an exception applies for certain intentional torts, including false imprisonment, committed by an "investigative or law enforcement officer."  28 U.S.C. § 2680(h).  An "investigative or law enforcement officer means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* This exception is known as the law enforcement proviso. The waiver effected by the law enforcement proviso extends to acts or omissions of law

enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity. *Millbrook v. United States*, 569 U.S. 50, 57 (2013).

The Government contends that the law enforcement proviso does not apply to the FPCOs because they do not qualify as federal "investigative or law enforcement officers" for two reasons: (1) they do not have authority to "execute searches, to seize evidence, or to make arrests for violations of federal law"; and (2) they do not possess a Special Law Enforcement Commission. (SLEC).

Regarding the first reason, the Government contends that the correctional officers at the Fort Peck Correctional Facility do not meet the definition of an investigative or law enforcement officer under 28 U.S.C. 2680(h) because they are not persons authorized to execute searches, to seize evidence or make arrests for violations of federal law. (Doc. 4, p. 7). An investigative or law enforcement officer does not have to be engaged in those specific activities to be subject to the law enforcement proviso. *Millbrook*, 569 U.S. at 56. However, the Government contends that the investigative or law enforcement officer must have the authority to perform those activities and that because correctional officers lack such authority, they do not qualify as investigative or law enforcement officers. The Court agrees.

Second, the Government notes that Congress has extended the waiver of sovereign immunity that applies to federal employees to tribal employees who are

5

acting in the course and scope of their employment and are performing functions under 638 contracts. (Doc. 4, p. 3). However, the Government contends that FPCOs' status as federal employees does not automatically make them "investigative or law enforcement officers" under the law enforcement proviso. Rather, these correctional officers must hold a Special Law Enforcement Commission ("SLEC") to meet the definition of an "investigative or law enforcement officer." The Court analyzed this very issue in *Red Crow v. United States*, 4:24-cv-80-JTJ, and agreed with numerous other courts that a tribal officer must possess a SLEC to be considered an "investigative or law enforcement officer."

Jackson does not address the Government's arguments or dispute the Court's determinations in *Red Crow*. In fact, Jackson concedes that this Court's reliance in *Red Crow* on *United States v. Smith*, 499 U.S. 160, 165–66 (1991), was apt. (Doc. 8, p. 3). Jackson acknowledges that this Court rejected Red Crow's argument that he was left without a remedy by determining Red Crow was in the same position as anyone else with an intentional tort claim against a federal employee who does not qualify as an "investigative or law enforcement officer." (Id.) Jackson agrees the same reasoning would apply to her. (Id. at p. 4).

Yet, Jackson attempts to distinguish *Red Crow* on the basis that she is not a member of a tribe and therefore not subject to the jurisdiction of the tribal court. (Id.). Jackson contends that any 638 contract that allows a white American citizen

to be jailed for six months with no remedy for wrongful incarceration has to be against public policy. (Id. at pp 4-5).

Despite Jackson's failure to provide any authority for her public policy argument or include this allegation in her Complaint, the Court finds her argument not well taken. Jackson's urges the Court to consider her public policy argument to confer jurisdiction, contending it is morally indefensible for a white American citizen to be put in a tribal jail for six months without being guilty of anything and have no recourse or remedy for the wrongful incarceration. (Id. at p. 4). During oral argument, Jackson expounded on her argument by contending that 638 contracts between tribes and the BIA are contracts of adhesion, the terms of which the tribes have no choice to accept if they want to have their own law enforcement. Yet, Jackson argues, by the tribes accepting a term that requires its tribal officers to possess a SLEC, it leaves those individuals harmed by tribal officers without a SLEC with no remedy against the Government. Jackson contends this result is unconscionable. The Court finds Jackson's argument that her claim arises from an unconscionable contract, of which she is not a party, is a claim to be made by the tribe in the Court of Federal Claims. 28 U.S.C. § 1505.

The Court recognizes the remedial gap for Jackson and for any other person who alleges an intentional tort claim against a federal employee who does not qualify as an "investigative or law enforcement officer," but it further recognizes that this

result is a consequence of the statutory limitations of the FTCA. The Court can find no authority from any other court finding otherwise and Jackson likewise has provided no such authority. Whether the FTCA should be amended to provide Jackson and others similarly situated a remedy is a task for the Congress, not the courts.

## CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED that the Government's Motion to Dismiss (Doc. 3) is **GRANTED.** The Clerk of Court is directed to close this case.

DATED this 18th day of August 2025.

John Johnston
United States Magistrate Judge